UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAROLD S. KEMP, JACK B. RICE, OPERATING ENGINEERS LOCAL NO. 147 HEALTH FUND, and OPERATING ENGINEERS LOCAL NO. 147 ANNUITY FUND, <br><br>     Plaintiffs, <br><br> v. <br><br> CARSON CORPORATION, and DANIEL B. CARSON <br><br>     Defendants. | No. 3:20-cv-00043 |

## MEMORANDUM OPINION

Earlier this year, the Clerk entered default against Carson Corporation and Daniel B. Carson (collectively, "Defendants") under Federal Rule of Civil Procedure 55(a). (Doc. Nos. 12, 17.) Now before the Court is Plaintiffs' Motion for Entry of Default Judgment by the Court (Doc. No. 26) under Rule 55(b)(2). In addition to default judgment, Plaintiffs are seeking $7,605.00 in attorney fees and costs under 29 U.S.C. § 1132(g)(2)(D) and requesting the Court to convert the preliminary injunction (Doc. No. 25) to permanent status. (Doc. No. 26 at 1.) For the following reasons, Plaintiffs' motion will be granted.

### I.   DEFAULT JUDGMENT

Once the Clerk of Court enters default, the "well-pleaded allegations relating to liability are taken as true." See In re Family Resorts of America, Inc., No. 9104127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). Despite many opportunities over the last several months, Defendants

never obtained counsel or defended against Plaintiffs' allegations. Plaintiffs are therefore entitled to default judgment against Defendants.

## II. ATTORNEY'S FEES AND COSTS

Plaintiffs also request $7,605.00 in attorney's fees and expenses under 29 U.S.C. § 1132(g)(2)(D). If an employer is found liable under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as is the case here, the Court "*shall* award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant[.]" 29 U.S.C. § 1132(g)(2)(D) (emphasis added). In ERISA cases, "[i]t is well settled that the 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees." Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1401 (6th Cir. 1995) (citations omitted). "In applying the lodestar approach, '[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "The party seeking attorney['s] fees bears the burden of documenting his entitlement to the award." Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir. 1999) (citing Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985)).

In support of Plaintiffs' fee request, counsel provided a Declaration of R. Jan Jennings stating that "9.6 attorney hours and 28.3 paralegal hours have been spent in rendering services on this case." (Doc. No. 28 at 1.) The Declaration also attaches itemized billing records and time entries for each person who worked on the case, reflecting an hourly rate of either $325.00 or $450.00 per hour for attorney time and $100.00 per hour for paralegal time. (Doc. No. 28-1.) Based on this evidence, the Court finds that 37.9 hours is a reasonable amount of time to have worked on the subject matter identified in counsel's Declaration, particularly where there are no objections to the fees, there were no unsuccessful claims, and counsel has ensured the Court that he exercised billing judgment with respect to the hours worked. (See Doc. No. 27 at 2.)

2

The Court must also determine whether $450.00, $325.00, and $100.00 are reasonable hourly rates, "us[ing] as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" Waldo v. Consumers Energy Co., 726 F.3d 802, 821-22 (6th Cir. 2013) (quoting Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 499 (6th Cir. 2011)). Plaintiffs' counsel asserts that:

> Two attorneys have billed time on this case: R. Jan Jennings and Karla M. Campbell. The attorneys representing Plaintiffs collectively have 57 years of experience practicing law. Mr. Jennings, a senior partner, has 45 years of active practice experience, the bulk of which has been focused in the niche area of ERISA, both advising ERISA plans and litigating ERISA issues. Ms. Campbell, a partner, has 12 years of practice experience and a federal clerkship.

(Doc. No. 27 at 3.) He also notes that the paralegals who billed time on this case have experience with ERISA issues. (Id.) And given the awards in analogous cases, as identified in Plaintiffs' Memorandum in Support (id. at 3–4), the Court is convinced that the requested hourly rates are reasonable.

The Court will also award Plaintiffs $580.00 in unreimbursed litigation expenses, which consist of the $400.00 Complaint filing fee and $180.00 incurred to serve the Complaint. Accordingly, the Court finds that Plaintiffs are entitled to their requested $7,605.00 in fees and expenses.

### III. PERMANENT INJUNCTION

Plaintiffs also ask the Court to convert the preliminary injunction (Doc. No. 25) into a permanent one. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court[.]" eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

3

The standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show an "actual success" on the merits rather than a "likelihood" of success. Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.12 (1987).

The Court has already considered the entire record in this matter and concluded that Plaintiffs are entitled to injunctive relief. (See Doc. No. 25.) It also found that the uncontested facts in Kimberly Reynolds' Declaration (Doc. No. 20) establish that Defendants violated 29 U.S.C. § 1145, meaning that Plaintiffs have shown an "actual success" on the merits. (Doc. No. 25 at 2.) These facts remain uncontested because Defendants never opposed Plaintiffs' motion for a preliminary injunction or the Court's Order granting it.

Accordingly, the Court will grant Plaintiffs' request to convert the preliminary injunction into a permanent injunction.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Entry of Default Judgment by the Court (Doc. No. 26) will be granted.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE